FILED

NOT FOR PUBLICATION

JUL 08 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MW BUILDERS, INC., a Missouri corporation; GREAT AMERICAN ALLIANCE INSURANCE COMPANY, an Ohio corporation,

          Plaintiffs - Appellees,

  v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; SAFECO INSURANCE COMPANY OF OREGON, an Oregon corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation,

          Defendants - Appellants,

  And

ELLIOTT, POWELL, BADEN & BAKER, INC., an Oregon corporation; REX & COMPANY, an Oregon corporation; LAWRENCE REX ESTATE, by and through its personal representative; LAWRENCE REX TRUST, by and through its Trustee, L.V. Rex,

No. 09-35538

D.C. No. 3:02-cv-01578-AC

MEMORANDUM[*]

---

          [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| Defendants. |
| --- |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted June 10, 2010
Portland, Oregon

Before: THOMPSON, McKEOWN and PAEZ, Circuit Judges.

Defendants Safeco Insurance Company of America and its affiliates (collectively "Safeco") appeal the district court's judgment, following our remand, in favor of MW Builders, Inc., and its subrogated insurer (collectively "MW Builders"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

In the prior appeal, we concluded that Safeco was obligated to cover certain repair costs but not others, and remanded to the district court to partition the $620,000 arbitration award between covered and uncovered costs. On remand, the district court referred the matter to the magistrate judge who ordered the parties to conduct discovery and file cross motions for summary judgement. The magistrate judge concluded that sixty percent of the $620,000 arbitration award represented covered costs and recommended that MW Builders be awarded $372,000. The

2

district court, however, overruled the magistrate judge's recommendation and granted MW Builders the entire $620,000 arbitration award. "We review de novo the district court's rulings on cross-motions for summary judgment." *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1082 (9th Cir. 2007).

The district court erred in granting MW Builders the entire arbitration award because that award included uncovered repair costs, which we previously instructed the court to partition from the covered repair costs.[1] We know that the arbitration award included uncovered repair costs because it was calculated as a percentage of MW Builders' $2 million settlement that was based, in part, on $629,960 in uncovered repair costs. The magistrate judge reasonably partitioned these uncovered costs from the covered costs and recommended that MW Builders be awarded sixty percent of the arbitration award pursuant to this court's prior order.

The district court's decision to award MW Builders the entire arbitration award notwithstanding the fact that the award included some uncovered costs was improper. That the actual repair costs, excluding uncovered repairs, ended up

---

[1] Because we conclude that the arbitration award included uncovered costs that must be partitioned, we need not resolve Safeco's other contentions regarding the law of the case doctrine and which party bears the burden of proof to establish an allocation between covered and uncovered claims under Oregon law.

exceeding the $620,000 arbitration award does not justify awarding MW Builders the entire award. MW Builders was never entitled to recover all the repair costs from Safeco. It was only entitled to recover a portion of the damage to the hotel caused by Safeco's insured.

We therefore reverse the district court's decision to award MW Builders the entire $620,000 arbitration award, and remand for the district court to modify the judgment to reflect an award of $372,000 in favor of MW Builders, the amount of covered costs recommended by the magistrate judge.

**REVERSED AND REMANDED.**